PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1994 Ford Mustang struck a raised section of pavement on Route 25 near the Bayer Plant in Kanawha County. Route 25 is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
Claimant testified that his vehicle sustained damage as a result of his daily drive from St. Albans to Charleston on Route 25. Although claimant could not recall the date of the incident, he stated that it occurred sometime before December 21,2006. Claimant stated that his vehicle struck a raised section of pavement on Route 25 on more than one occasion. Water underneath the blacktop created an elevated section of asphalt on the road. He explained that every time he went across the road, the road condition was rough. Since Route 25 was the shortest route to Charleston, he did not take an alternate route. In addition, claimant stated that he did not use an alternative road such as Route 60 because the road condition is rough and there are holes on this road. Claimant notified respondent of the road condition after his vehicle struck the elevated area on the road. As a result of this incident, claimant’s vehicle sustained damage to its alignment in the amount of $49.98.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 25 at the site of claimant’s accident for the date in question. Respondent did not present any witnesses at the hearing of this matter.
The well-established principle of law in West Virginia is that the State is neither *140 an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole on Route 25. The evidence also established that the claimant had notice of the road condition on Route 25. In a comparative negligence jurisdiction, such as West Virginia, the negligence of a claimant can reduce or bar recovery of a claim. A party’s comparative negligence or fault cannot equal or exceed the combined negligence or fault of the other parties involved in the accident. See Bradley v. Appalachian Power Co., 163 W.Va. 332, 342, 256 S.E. 2d 879, 885 (1979). In the instant case, the Court finds that the negligence of the claimant was equal to or more than the negligence of the respondent; therefore, the claimant may not make a recovery in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.